Nicola A. Pisano (State Bar No. 151282)
napisano@jonesday.com
Jose L. Patiño (State Bar No. 149568)
jlpatino@jonesday.com
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA  92130
Telephone:    858.314.1200
Facsimile:    858.314.1150

Attorneys for Plaintiff ESET, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESET, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LODSYS, LLC, <br><br> Defendant. | CASE NO. '11CV1285 WQHRBB <br><br> COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff ESET, LLC ("ESET") hereby alleges for its Complaint for Declaratory Judgment against Defendant Lodsys, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment that ESET does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent") (collectively, the "Asserted

<’s
<‹
<‹

Patents"), and for a declaratory judgment that the claims of each of the Asserted patent are invalid.

2. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

**THE PARTIES**

6. Plaintiff ESET is a California Limited Liability Corporation having a place of business at 610 W Ash Street, Suite 1900, San Diego, California 92101.

7. On information and belief, Lodsys is a Texas limited liability company having a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670.

**JURISDICTION AND VENUE**

8. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9. This action is filed to resolve an actual and justiciable controversy between the parties hereto. Defendant's conduct towards ESET establishes that a real and substantial dispute exists between the parties regarding Defendant's allegations that ESET's products infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.  This dispute is both definite and concrete and admits of specific relief through a decree of a conclusive character.  As set forth in succeeding paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between ESET and the Defendant with respect to the infringement, validity and scope of the '908 patent, the '834 patent, the '078 patent and the '565 patent.

10.     Upon information and belief, this Court has personal jurisdiction over Lodsys because Lodsys has purposefully availed itself of the benefits and protections of the laws of this State, including this Judicial District, in connection with its conduct in wrongfully asserting the Asserted Patents against ESET, and in pursuing licensing and enforcement activities regarding the Asserted Patents throughout California.

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

**ALLEGATIONS SUPPORTING DECLARATORY JUDGMENT JURISDICTION**

12.     ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-11.

13.     Through communications and conduct, Defendant has repeatedly threatened assertion of the '908 patent, the '834 patent, the '078 patent and/or the '565 patent against ESET's NOD32 Antivirus 4 product.

14.     On or about March 28, 2011, Defendant sent a letter to ESET alleging that ESET "is infringing at least claim 1 of US 7,620,565 and claim 1 of US 7,222,078 as it relates to your provision of notice of available product updates and assisting in the download and installation of those updates with respect to your ESET NOD32 Antivirus 4." The March 28, 2011 letter also offered a license to ESET under "the Lodsys Patents," which was defined as including the '908 patent, the '834 patent, the '078 patent and the '565 patent. A copy of the March 28, 2011 letter is included as attached Exhibit E.

15.     On June 7, 2011, Defendant sent ESET an e-mail message enclosing an "Infringement Claim Chart" in which Defendant alleged that ESET's Smart Security 4 product infringed claim 1 of the '078 patent. Defendant's message enclosing the claim chart stated that Defendant's goal was "resolving this issue with a minimum of expense and hassle for your

client." A copy of the June 7, 2011 e-mail and "Infringement Claim Chart" are included in the attached Exhibit F.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '908 patent)**

16. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-15.

17. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '908 patent.

18. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '908 patent; has contributed to infringement, or is contributing to infringement of the '908 patent; and has induced infringement, or is inducing infringement of the '908 patent.

19. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '908 patent; has not contributed to infringement and is not contributing to infringement of the '908 patent; and/or has not induced infringement and is not inducing infringement of the '908 patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '834 patent)**

20. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19.

21. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '834 patent.

22. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '834 patent; has contributed to infringement, or is contributing to infringement of the '834 patent; and has induced infringement, or is inducing infringement of the '834 patent.

23. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '834 patent; has not contributed to infringement and is not contributing to infringement of the '834 patent; and/or has not induced infringement and is not inducing infringement of the '834 patent. Such a determination and declaration is necessary and appropriate at this time.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '078 patent)**

24. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-23.

25. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '078 patent.

26. Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '078 patent; has contributed to infringement, or is contributing to infringement of the '078 patent; and has induced infringement, or is inducing infringement of the '078 patent.

27.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '078 patent; has not contributed to infringement and is not contributing to infringement of the '078 patent; and/or has not induced infringement and is not inducing infringement of the '078 patent.  Such a determination and declaration is necessary and appropriate at this time.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-infringement of the '565 patent)

28.     ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-27.

29.     Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET's NOD32 Antivirus and Smart Security 4 products infringe one or more claims of the '565 patent.

30.     Accordingly, an actual controversy exists between ESET and the Defendant as to whether or not ESET has infringed, or is infringing the '565 patent; has contributed to infringement, or is contributing to infringement of the '565 patent; and has induced infringement, or is inducing infringement of the '565 patent.

31.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that by its activities ESET has not infringed and is not infringing any valid and enforceable claim of the '565 patent; has not contributed to infringement and is not contributing to infringement of the '565 patent; and has not induced infringement and is not inducing infringement of the '565 patent.  Such a determination and declaration is necessary and appropriate at this time.

# FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '908 patent)**

32. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-31.

33. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '908 patent.

34. ESET denies that it infringes any valid and enforceable claim of the '908 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

35. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '908 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that the '908 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

# SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '834 patent)**

36. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-35.

37. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '834 patent.

38. ESET denies that it infringes any valid and enforceable claim of the '834 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

39. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '834 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that the '834 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '078 patent)

40. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-39.

41. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '078 patent.

42. ESET denies that it infringes any valid and enforceable claim of the '078 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

43. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '078 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a

judgment, that the '078 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

### EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '565 patent)**

44. ESET realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-43.

45. Based on the above-stated conduct, ESET is informed and believes, and on that basis avers, that the Defendant contends that ESET infringes one or more claims of the '565 patent.

46. ESET denies that it infringes any valid and enforceable claim of the '565 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

47. Accordingly, an actual controversy exists between ESET and the Defendant as to the validity of the '565 patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ESET is entitled to a declaration, in the form of a judgment, that the '565 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff ESET prays for a judgment as follows:

1. For a declaration that its products do not infringe any valid claim of the '908 patent;

2. For a declaration that assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements

for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

    3.    For a declaration that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

    4.    For a declaration that its products do not infringe any valid claim of the '834 patent;

    5.    For a declaration that assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

    6.    For a declaration that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

    7.    For a declaration that its products do not infringe any valid claim of the '078 patent;

    8.    For a declaration that assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

    9.    For a declaration that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

    10.    For a declaration that its products do not infringe any valid claim of the '565 patent;

    11.    For a declaration that assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements

for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

12.　For a declaration that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

13.　For a preliminary and permanent injunction enjoining and restraining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

　　a.　from making any claims to any person or entity that any product of ESET infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

　　b.　from interfering with, or threatening to interfere with the manufacture, sale, or use of any ESET's products by ESET, its customers, distributors, predecessors, successors or assigns; and

　　c.　from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of ESET, its customers, distributors, predecessors, successors or assigns, to make, use or sell products which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

14.　For an award to ESET of its reasonable attorneys' fees and costs of suit incurred herein; and

15.　For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury of all issues so triable.

Dated: June 10, 2011                    JONES DAY


                                        By: */s/ Nicola A. Pisano*
                                              Nicola A. Pisano

                                        Attorneys for Plaintiff
                                        ESET, LLC

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ESET, LLC

**DEFENDANTS**
LODSYS, LLC

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Harrison, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'11 CV 1285 WQH RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nicola A. Pisano, JONES DAY
12265 El Camino Real, Ste. 200, San Diego, CA 92130

Attorneys (If Known)
Kelley, Donion, Gill, Huck & Goldfarb LLC
701 Fifth Avenue, Suite 6800, Seattle, WA 98104

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity — yeb (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ yeb | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 yeb |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Sec. 1 et seq., 28 U.S.C. Secs. 2201 and 2202

Brief description of cause:
Declaratory Judgment of Noninfringement/Invalidity US Patent Nos. 5,999,908, ,7,133,834, 7,222,078, 7,620,565

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/10/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Nicola A. Pisano

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____